Good morning, your honors, and may it please the court. I certainly would have expected everyone would be on the edges of their seats for a question of statutory interpretation, but I suppose not. My name is Dan Blau. I'm an attorney at the Blau Law Firm in Raleigh, North Carolina. It's a pleasure to be with the court this morning to speak with you about Brady Beck. Your honors, as far as I can tell, Mr. Beck may be the only person in the country, at least at the appellate level, who has been convicted and sentenced under 18 U.S.C. 2260A without also being convicted and sentenced for one of the enumerated predicate offenses in that statute. And the question in this case is whether it was legal for the district court to impose a sentence on Mr. Beck under 2260A. We contend it was not because the language, subject matter, the structure, the legislative history of that statute all demonstrate that Congress intended 2260A to be a recidivist sentencing enhancement for a defendant who was convicted and sentenced of a predicate offense, and that Congress did not intend that 2260A created a new substantive federal offense that existed independently of a predicate conviction. And because Mr. Beck was not convicted of a predicate offense, we would contend that the district court did not have the statutory authority to sentence Mr. Beck under that statute. So can I just ask you if, just assuming for a moment, and I have no doubt we'll talk about it a lot, but assuming just for a moment that all of that were right, the remedy would be what? Well, that's a good question, Your Honor. I think if, accepting the premise of the question that I've said is accurate, what we have is essentially a contract that has an illegal term in it that can't be enforced. So the plea agreement would be voided? Well, I think the plea agreement would be voidable. As I noted in my reply brief, I certainly understand that if the sentence on count five cannot be imposed, the government loses, you know, in part the benefit of its court to vacate and remand for resentencing. I think the case law indicates that when a sentence is vacated on one count, everything is vacated and remanded for resentencing. And I believe that a resentencing on remand, the government certainly would have the option of seeking to withdraw from the plea agreement for lack of the ability to obtain its bargain at that point. It would be up to the United States at that point whether it would accept the 480-month, 40-year sentence on count two or whether it would seek to rescind the entire agreement. So it's totally none of my business, but I'm just curious, why is that a good result for your client, right? Isn't there a potential life sentence under 2251? Your Honor, my only response is it's not my decision to make, I suppose. No, I understand. It really isn't my business. I'm just trying to wrap my mind around this remedy issue. Okay. I think it would take me outside of the record if I provided more of an explanation. Understood. I don't mean to interrupt your conversation. Your Honor, as to look at this statute, I think, of course, we need to first look at the statutory language because that's the first step in any statutory analysis. And if we look at the language of the statute, we see that Congress did not envision this statute to apply when a defendant is not also convicted of a predicate offense. But just to be clear, even in that instance, you would say that this is not an indictable offense but rather a penalty enhancement, even if the government proved the predicate offense? That is correct. Now, that's not to say that the government could not include it in an indictment. There is some case ought to the effect that there would have to be notice of some sort, whether it would be in an indictment or separate information that were filed regarding an enhancement, but it would not be a substantive criminal offense that were indictable. I have a question about that. Yes, Your Honor. Because it looks to me that there are three things that have to be proven for someone to be convicted under 2260A. You're required to register as a sex offender by federal or other law. You've committed, and that's the dispute, what commit means. You've committed a felony offense under one of these sections, and your offense involved a minor. And the offenses that are listed do not all necessarily involve a minor. There's 1201, which is just general kidnapping. There's, I could listen, there's a number of sections that don't necessarily involve a minor. And so a fact finder has to find that a minor was involved. That seems to be taking us out of the realm of something that a judge can do under sentencing enhancement. Well, Your Honor, my reading of the statute would be that the enumerated offenses there, Congress has said these are the offenses that we believe are felony offense involving a minor. But they don't. 1201 is just kidnapping. It says nothing about whether the victim's a minor. 2241, aggravated sexual abuse. 2242, sexual abuse. 2244, 2245, 2421, and 2422. None of those require that the victim be a minor or be involved at all. Well, I suppose, Your Honor, my response to that would be that I think for purposes of figuring out if this is a substance of crime or an enhancement, it doesn't particularly matter for purposes of my argument. And I've mentioned this in the reply brief in response to the government's Apprendi-related argument. I don't know that it matters whether the facts necessary for this enhancement need to be found by a judge or found by a jury. The question is, did Congress intend for this statute to apply to a defendant who was not convicted of one of these enumerated predicates? And I think that... But your client has pled guilty here. He's pled guilty to each element of the statute, and you haven't appealed on whether there's a factual basis. I guess that's where I get stuck, is you're arguing about there's not a factual basis to believe he committed a felony offense, because commit an offense means convicted of an offense. And that might be a good argument. But whether there's a factual basis for the plea is A, not something you've appealed, and B, something that we're probably prohibited from doing. Right. The argument is not so much whether there's a factual basis for it. Our argument is that even if there's a factual basis that he committed the offense, the district court still does not have the authority to impose any sentence under 2260A, because it's not a substantive offense. It is a provision that Congress intended only to apply in the event the defendant is convicted of one of these predicates. And if the defendant... That's just an argument that commit in the statute means convicted. That the element of the offense is convicted of an offense, not committed of an offense. Well, and I think that that interpretation of the statute is borne out by a number of cases, including this court's holding in the Blandin case. My point is, I'm concerned that you can't raise that argument, because he pleaded guilty to all of these cases. So whether it means commit or convict or whatever it means, you haven't appealed the withdrawal of the attempt to withdraw the plea. Well, my response, Your Honor, would be that if the sentence imposed is illegal, which we contend that it is illegal in the sense that it was not authorized by statute, it was not authorized by Congress, then frankly it can be... I believe he did raise this issue below, but it is something that can be raised for the first time on appeal. Because even with an appeal waiver, a judge can't enforce an illegal provision. Right, but my point is if... And you tried to withdraw the plea very cursorily below, and the court denied that, and you didn't appeal that. And on appeal, the only question is, is this an illegal sentence? Does the statute not let the court impose the sentence? But if your client pled guilty to every element of this statute, and that's the sentence that is legal, that's required to be imposed. Well, I guess I would disagree with Your Honor that it is... Not only is it not required to be imposed, but that the judge does not have the... The judge doesn't have any authority to impose it. I guess if I could make an analogy, Your Honor, and I've mentioned this in the brief, but if we look in the context of the armed career criminal, we have a substantive criminal offense. We have 922G, the felon in possession statute. We then have this second statute, 924E, which takes the underlying predicate, plus three prior convictions, and says if you fall into this category, you receive this higher... And not if you are convicted, but if you violate 922G. So it doesn't use the convict language there either. And what this court's decision in Blanton and in appellate courts across the country many years ago held was that 924E, the ACCA enhancement, is not a standalone criminal offense. So you can't have a situation, even if a defendant goes into court, pleads guilty to just 924E without a 922 conviction, and if he goes into court, he pleads guilty, he admits all the elements of 924E, this court and it is only a sentencing enhancement that applies after conviction for a predicate. So if there's a guilty plea that admits all the elements of the enhancement, still we don't have that tie back to a predicate conviction, and that's why the judge is not statutorily authorized to enter any sentence for it. I understand that... I think the label of just a sentencing enhancement, I think the labels may not be helpful. The question is what does the statute say when you label it as a sentencing enhancement? You are saying it's something a judge can impose without additional findings other than a prior conviction, and that doesn't seem to be the case here, and I don't know that the label helps you. Well, not necessarily, Your Honor. I think there are sentencing enhancements that could apply that would be found by a jury as opposed to being found by a judge. I just... The way that I interpret the statute and that I would urge this court to interpret the statute is that if there's no... And I'm not sure how else to say it. I know I'm maybe not answering the court's question to your satisfaction, but if Congress did not intend for this to be a substantive offense that exists independently of a predicate conviction, then there can be no sentence imposed under 2260A if there's not a predicate conviction. And I'm not sure how else to answer the court's question this time. If we look at the language, and so I really think the question is how do we know whether Congress intended to create a substantive criminal offense here? First, of course, we look at the language, and there's two important considerations. The first is that the statute, of course, is entitled penalties, and when we look at the surrounding statutes, they have titles that set out crimes, sexual exploitation of children, activities related to child pornography, but here that's not what we have. We have a section entitled penalties, and the Supreme Court tells us in the Almendarez-Torres case that when Congress uses the word penalties, this isn't careless drafting. It evinces an attempt on Congress's part to only create a penalty provision for an existing crime rather than creating a new substantive crime, and I think the sentencing provisions in the rest of 2260A fairly clearly contemplate that a defendant is going to receive a sentence for a predicate. The sentence is a direct function of the predicate. You have the predicate sentence, you know, x plus 10 years consecutive, and the statute never explains how, if at all, a defendant is supposed to be sentenced under these terms if there's not a sentence imposed for one of these enumerated predicate offenses. And this might be unfair because it's a hypothetical, but what if this went to a jury and the jury found, inexplicably, right, the jury found the predicate offense, they were hung on the predicate offense. Yes. But then the 2260A, they found him guilty. That seems like an inconsistent verdict, but they haven't found him that he didn't commit the predicate offense. I think the court, in that situation, what would the court have to do? The court would say, well, the jury clearly found him guilty of all of the elements of 2260A, right, even though he wasn't convicted of a predicate. So we're outside the usual, the usual application, but is there anything in the statute that tells us, in that instance, we'd have to reject the jury's verdict? So I believe that would have been improperly submitted to the jury that way. I believe the way it should have been submitted to the jury is the predicate offense first, and if the jury returns a guilty verdict on the predicate offense, then the question becomes, are the elements of 2260A met for this enhancement? Because when you submit the substance of crime and the enhancement to the jury, you know. But juries sometimes reach inconsistent verdicts. They could read that on the verdict sheet and still say, we're hung on this one, but he's guilty on the other one. But a court would have to reject, would the statute require the court to reject the jury's verdict on 2260A? Well, I believe so, because again, because I don't believe that the statute authorizes a judge to impose any sentence under 2260A if there's not a conviction for a predicate offense. Because commit means for a predicate. You know, I don't know if we would speak of it in terms of being legally inconsistent or just outside of the court's jurisdiction to sentence, but I believe that would be the case. Turning back to the language of the statute, what happened in this case is essentially the district court gap filled the statute, right? The statute doesn't tell us what happens in this situation. The district court judge says, okay, well, when we have a defendant who's not convicted of a predicate, what we'll say is that this mandatory consecutive language ceases to function and the sentencing judge now has the discretion to run this 10 years concurrent or consecutive to anything else. You know, that gloss doesn't appear anywhere in the statute that was created purely by the sentencing judge in this case. And I would urge this court, of course, that if Congress intended for a sentencing judge to have that discretion, it could have said so. The Supreme Court has been very clear in reminding us that when Congress has the will to do something, it doesn't have difficulty expressing itself. And in this case, Congress just simply didn't speak. The sentencing judge spoke on Congress's behalf and created an authority that I believe just doesn't exist. What about Section 924C? It has the same sort of language in addition to the penalty for the underlying crime, but the courts have said you don't have to be convicted of the underlying drug trafficking. Right. And this is the Carter case from this court, Your Honor, and here's what I would say about that. We have these situations, and I may end up a little bit over my time to answer this. We have these situations where we have two statutes that interact with one another, 922G in armed career criminal, drug trafficking offenses in the 924C, money laundering in a predicate crime. And the question is, did Congress intend for these to be two different criminal offenses? How do they interact if at all, or how do they operate independently of one another? And what this court and what the Supreme Court and Amandora Torres has said is that basically if you have the predicate conviction, predicate or predicate offense conduct, plus additional conduct, then you have two separate criminal statutes. So like with 924C, you have a drug trafficking crime conduct, plus additional conduct, possession of firearm and furtherance. Conduct plus conduct means two crimes. A defendant can be convicted of one, or the other, or both, and the 924C doesn't require conviction on the predicate. But when you have a situation, and I'll wrap this up, when you have a situation where there's conduct plus recidivist status and no additional conduct. In the presence of a minor. Well, again, Your Honor, my reading of the statute would be that Congress is enumerated here what offenses it believes it qualifies as predicates here. I know the court may disagree, but where you have the predicate conduct plus recidivist status, this court has said, and the Supreme Court has said, in these situations, you have one substantive offense and a sentencing enhancement that only applies to that substantive offense. Thank you very much, Your Honor. Thank you. Good morning, Your Honors. May it please the court. Anthony Enright for the United States. You know, I hate to do this, to break in right away, but I'm hoping I can get you to pick up very close to where your colleague left off. Because he was talking about something that really has concerned me about this case, which is sort of the problem you guys ran into below when it became clear that the consecutive provision doesn't really apply because there is no sentence imposed for the predicate offense. So we'll just say now it's up to the court. It does seem to be just rewriting the statute. You know, there's only one sentence. The sentence imposed under this section shall be consecutive. And I'm not faulting anyone for sort of, it's a good Solomonic compromise, but I'm just not sure that it's authorized by the statute. And to me, it really speaks to my concern about this case is that the statute just clearly didn't contemplate this situation. That's why there's no provision for it. I appreciate that question, Your Honor. There is actually a statute. It's not this one. I'm terribly sorry. I don't have it at the tip of my tongue. But there's a general sentencing statute, and it gives the court discretion to impose sentences concurrently unless a statute specifies otherwise. This one does. The sentence imposed under this section shall be consecutive. Well, the sentence imposed under the section shall be consecutive to any sentence imposed for the offense under that provision. So if there's no sentence imposed under that provision, the general statute applies and would give the court discretion to impose it consecutively or concurrently. And that's what the court did here. And that, we agree. Before, we said it was consecutive to any other sentence. We realized that was a mistake when that was brought to our attention on appeal. Do you think the word any suggests that this very possibility that we're to argue about today? The word any? Any sentence. Because what you're saying is essentially that that language contemplated this very scenario, that there would be a possibility that a defendant would not be convicted of the predicate offense, in which case Congress contemplated this very, very act of discretion by the trial judge. I think it is consistent with it, Your Honor. And one thing that corroborates that is the sentencing guidelines. The sentencing guidelines are, the Sentencing Commission knows a lot about criminal sentencing, knows a lot about the various statutes that apply. And under the section that applies to it, 2A3.6, it refers to this 2260A as an offense of which you can be convicted and impose the sentence. And there's a comment that specifically addresses the situation of if a sentence for another offense for a predicate offense is also applied, then you don't apply specific offense characteristics that would be duplicate. But the if strongly suggests that the sentencing guidelines read this as something that you can have a sentence for the underlying offense in addition or not. And I think it goes back to Judge Rushing's point, which is the plain language of the statute state what its requirements are. You have to be a whoever. You have to be required to register as a sex offender. You have to commit. And they specifically chose that word when changing that to convict would have simplified, made the position that the defense is articulating abundantly clear. Commit a felony offense, and it does have to involve a minor. And I appreciate you're enumerating those. It's the same count I got. I think there's seven that clearly don't involve a minor. Sex traffic or sex abuse in the territorial jurisdiction of the United States. So the predicate in this case does involve a minor, right? So we don't... Yes, Your Honor. I think that... This case wouldn't involve any of those issues. No, Your Honor. But the statute generally speaking would... That tells you that this is a statute that generally speaking, this is something the court would not be able to find on its own. It might have to go to... In some cases, not this one, but in other cases, it would have to go to a jury. Correct, Your Honor. I mean, I think that's true. I don't know that it's a sentence that would question for this court is going to be, what does the statutory language require? And it requires only the commission of a prior offense, or proof of the commission of a prior offense, or a judicial admission, as we have here, of the commission of a prior offense. Can I ask you a question about the second half of that first sentence, which appears to me, anyway, to be redundant, given the second sentence, right after any of the 16 enumerate... Congress says, shall be sentenced to a term of imprisonment of 10 years in addition to the imprisonment imposed for the offense under that provision. And then the second sentence talks about the sentence being consecutive. Why would we need the second half of that clause, in addition to the imprisonment imposed, if Congress were... If it were sufficient to simply find that the defendant committed the offense, as opposed to being convicted of the prior offense? Congress, there are different ways it could have drafted this, and they chose this one. But I think the answer is that the first part, the first... That second half, that first sentence you described, is intended to tell us that this offense would not merge with the prior offense. You get a sentence for this one, and you get a sentence for the prior offense, if he's convicted of the prior... Or the predicate offense, if he's convicted of the predicate offense. And then the second sentence tells you that that second sentence must be consecutive. It can't be concurrent, if the predicate... With a predicate sentence that... With a sentence for one of the 16 enumerated predicates. Sorry to get tongue-twisted, Your Honor. Are there any other cases where this has been... Someone has been convicted under this provision without being convicted for one of the predicate felony offenses? I know there was some colloquy before the district court about, well, not in this circuit, but we think somewhere else. But has anyone found them? I don't believe there's any that have... I'm not aware of any that have generated an opinion that you can read. This would be the very first. This would be the first one that would be... Is that unusual? I don't think it's unusual, because the context in which it comes up, Your Honor, it's going to be very rare that somebody has... That we have evidence that would prove all the elements of a predicate offense and not charge that. What often happens is that in the course of a plea negotiation, we would agree, as we did here, to dismiss the predicate offense, which in many cases is going to be more onerous. Mr. Beck may not agree, but I think in many cases that's considered a benefit for the defendant. And so I don't think... I fully expect that that's ordinarily not going to generate an appeal, ordinarily not going to generate the kind of litigation to try and unwind that plea agreement. I mean, here, basically, the argument is that we erred by agreeing and following through with the agreement to dismiss count one, which would have subjected him to at least a mandatory minimum of 25 years and potentially life. And he was able to argue for... He didn't get it, but he was able to argue for as low as a 15-year sentence, which I think he saw as a great benefit at the time, ex ante, before he was sentenced. I take it you agree that the only possible remedy, just assuming for a moment that there were a violation here, that the only possible remedy would be that this goes back and then the government can void the plea agreement. I do agree that if there's a plea agreement. I think there's an extra step in there. I think he's making the election to void the plea agreement on the view that there is a fundamental error here. I would take a little bit of issue with the idea, though, that you can plead guilty to a statute. And with no change in the law, it's not like the Supreme Court came in and said, oh, prior precedent is wrong here. Nothing's changed since the time he pleaded guilty in the legal landscape. Come up and say, on appeal, oh, by the way, that thing I pleaded guilty to, I didn't actually mean to plead... I shouldn't have pleaded guilty to that. The courts never should have done that. I'm not actually guilty. Let's talk about the statutory interpretation of the statute for the first time. Under United States versus Willis, this court's decision in 1993, you can't contest the meaning of a statute after you've pleaded guilty to it. That's what bothers me, as you might indicate my questions, is he's pleaded guilty to this statute, whether it's a crime or not, and then appeals saying my sentence is illegal because it's not a crime. It's what I pleaded guilty to. I couldn't plead guilty to, but he's not appealing the withdrawal of the plea. Yes, Your Honor. And I feel like I'm stuck. I'm not allowed to consider whether it's a crime because he pled guilty to it and hasn't appealed whether he should have been able to withdraw it. And the sentence he got is the sentence that what he pled guilty to says he should get. Am I bound in that way, or is there... Am I missing something here? Honestly, I think that's correct, and I think that's exactly what the Willis case holds. There are some unusual circumstances. I mean, I know this court's considering the Lockhart case, and I know this court's considered in Sims, issues where the precedent said one thing, said you were clearly guilty, and then the Supreme Court changed the This is not that scenario. This is a scenario of I pleaded guilty, okay, now let's talk about the interpretation of the statute. And that's exactly the opposite. A guilty plea is a consent to an entry of judgment against you where all you have to do is impose sentence. That is, if he says I'm guilty, that's enough to authorize what this is. Whoever meets its requirements, he admitted he met those requirements, he shall be sentenced to a term of imprisonment of 10 years. And I believe that is dispositive. And I would suggest if it's not dispositive, it certainly triggers the plain error rule. If he wants to say that we erred by not pursuing that first 2251, along with the 2260A, he had to raise that when he pleaded guilty. He had to raise that before we dismissed the charge. You can't say we dismissed the charge. Oh, now that it's dismissed, I want to raise for the first time, you shouldn't have dismissed it, give me a break on my sentence. It's the plain error standard of review. And as he mentioned, counsel mentioned, this is the first case and that's going to preclude plain error. It's certainly not an unreasonable reading of the statute to apply it according to its terms. And even if you made it past prong two, I think prongs three and four would both counsel against application of or relief under the plain error standard. Let's see. I think that covers the main points I would like to make. If the court has any questions, I'm more than happy to answer them. If not, I'll yield the balance of my time back to the court. Thank you, Mr. Enright. Judge Rushing, I'm going to try to address your Honor's concerns quickly if I can. We've brought up this idea and the government has cited this court's decision in the Willis case from 1993 that says you can't argue for the first time on appeal what statute applies to you. Willis case is different than what we have here today. Defendant in Willis was convicted under 924C, possession of a firearm and furtherance of a drug crime. He pled guilty to that offense, which is a criminal offense. This court tells us that's an actual crime, not an enhancement. And then he argued on appeal that his firearm was actually inoperable. And because his firearm was inoperable, he didn't meet the factual elements of the offense. And this foreclosed that issue. That's not what we have here. We're not arguing on appeal that Mr. Beck didn't meet the recidivist requirements under 2260A. The argument is that even if he did, the district court had no statutory authority. Congress has not given the sentencing judge any statutory authority to impose a sentence under that provision if there's not a corresponding conviction for a predicate. I think where we end up here is these various factors taken together. The language of the statute, the structure of the context, the legislative history, I believe fully conclusively demonstrate Congress didn't intend for this to be a substantive offense. But I understand why there are reasons why this court may find some ambiguity even considering everything. If we're left with two possible readings of the statute, of course, and this court can't conclusively determine what Congress intended here, the Supreme Court tells us that courts should not impute an undeclared will to Congress, and that ambiguity has to be resolved in a defendant's favor. Congress has to speak in clear and definite language before a court can choose the harsher of two alternatives, one that creates criminal liability and one that doesn't. I would submit, of course, that Congress certainly has not spoken clearly here in terms of creating a substantive criminal offense, and I think all the other various factors suggest the opposite. And I would urge this court not to impute an offense creation intent to Congress that doesn't exist here. Can I ask you just a very quick question before your light goes off? I mean, I was struck by the fact that there are no cases and that it appears that this is not, I mean, there's no evidence that this has ever been charged this way before. But your colleague makes the good point, like, well, it probably mostly comes up in the context of plea agreements and everyone's happy with the results, so there's nobody to appeal, even if people are actually pleading guilty to something that is not actually an offense. How, what weight should I give to the fact that there I think it's a strong suggestion that other lawyers and courts across the country just aren't interpreting this statute in the way that the government is asking this court to interpret it in this case. Now I understand that the government has made assertions at various times that perhaps there are other plea agreements like this out there. I haven't seen any. The only response I can possibly give, Your Honors, we then have a situation where I believe that there are illegal contracts being entered into. You know, not that there's any bad intent there. Of course, it benefits the defendants in some cases, and I realize the position that Mr. Beck is taking here is there are some tensions with it in terms of what may benefit other decisions to raise at this point. Mr. Blau, thank you very much. The record indicates that you are court appointed. On behalf of the court, I want to thank you for your able argument on behalf of your client. We could not do the work that we do without lawyers who are willing to take on these cases, and I also commend Mr. Enright for his argument in representation of the government. So we'll come down and greet counsel and then move on to our final case.
judges: Albert Diaz, Pamela A. Harris, Allison J. Rushing